[Civ. No. 643.　First Appellate District.—September 10, 1909.]

## THE TIBBALS OAKUM CO., Respondent, v. FAYETTE M. MEIGS, Appellant.

Sales—Breach of Warranty of Quality—Measure of Damages— Code Rule—Nature and Intention of Rule.—When personal property is sold under a warranty of quality, and the purchaser retains its possession, the measure of damages for a breach of such warranty is that fixed by section 3313 of the Civil Code, which "is deemed to be the excess, if any, which the value would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time." This is a simple, plain rule, which eliminates all imaginary claims to damages in such cases, and is intended to do justice to both seller and buyer.

Id.—Justice to Seller—Agreed Price Less Excess of Value.—The law is just when it allows the party who has delivered personal property of a different quality from that which it had agreed to deliver, and which is retained by the purchaser, to recover the agreed price, less the excess of value which the property would have had at the time of delivery, if it had equaled the quality warranted over its actual value at that time.

Id.—Code Rule Declarative of General Law.—The code rule as to the measure of damages for breach of warranty of quality of goods sold and delivered to the purchaser is merely declarative as to the rule long established in England and since adopted in most of the leading cases in the United States.

Id.—Warranty Referring to Time of Delivery.—When the warranty, as in this case, refers to the time of the delivery of the goods sold,

the first question to be determined is as to what was the actual value of the property at that time; and then it must be determined what excess over that value would have been realized if the warranty had been complied with at that time.

ID.—APPEAL UPON JUDGMENT-ROLL—RECORD—CONCLUSIVENESS OF FIND-INGS AS TO MEASURE OF DAMAGES—FINDING OF FURTHER LOSS—SURPLUSAGE—PRESUMPTION.—Where the appeal is upon the judg-ment-roll without a bill of exceptions or statement specifying in-sufficiency of the evidence, the specific findings as to the value of the property sold at the time of delivery, and as to the excess over that value which would then have been realized if the war-ranty had been complied with, are conclusive as to the total measure of damages; and a separate finding as to loss by the defendant appealing in net profits, premiums, cartage and storage, must be deemed surplusage as to the measure of damages. It must be presumed, in support of the judgment, that such loss was incurred by defendant in keeping the property longer than he should have done before selling it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

James M. Boyer, for Appellant.

T. C. Coogan, for Respondent.

COOPER, P. J.—This action was brought to recover from defendant the balance due for 520 bales of oakum sold and delivered by the plaintiff to defendant at his request.   The case was tried before the court, and findings filed, on which judgment was entered in favor of the plaintiff for $632.55, with costs.   This appeal is from the judgment on the judg-ment-roll without a bill of exceptions.

It is claimed that the judgment is not the legal conclusion from the facts found.   The defendant pleaded by way of defense that there was a warranty made by the plaintiff as to the quality of the oakum, and that by reason of a breach of said warranty he suffered loss in net profits on the sale of the oakum and other damages in the sum of $574.08, and he asks that this sum be allowed and deducted from the amount that might be found due the plaintiff.

The court found that the sale was made with a warranty, and further found as follows:

"VI. That all said oakum sold and delivered as aforesaid was in bad condition at the time of sale, due to the poor workmanship exercised in its manufacture, and to the further fact that said oakum consisted of extremely short fibers, and could not be sold for the high price it would otherwise have sold for, if the same had been of the grade and quality and in the condition warranted by plaintiff; that defendant sold said 520 bales of oakum delivered as aforesaid for, and received for the same, the sum of $1,332.57; that the value of said 520 bales of oakum was, at the time of the delivery thereof to defendant, at said city and county of San Francisco said sum of $1,332.57; that the excess of the value which said 520 bales of oakum would have had at the time to which the warranty of plaintiff referred, if it had been complied with over their actual cash value at that time was and is the sum of $116.86.

"VII. That by reason of the poor grade and quality and the condition of said oakum, defendant has suffered loss in net profits in the sale of said oakum, premiums, cartage, storage and freight in the sum of $578.08, no part of which has been paid.

"VIII. That, subsequent to the sale of said oakum by plaintiff to defendant as aforesaid, said defendant paid to plaintiff, on account of the purchase price of said oakum the sum of $700, but refused to pay any additional sum because of the poor grade and quality and bad condition of said oakum."

The question for determination is as to the correct rule of damages in sales of personal property where the purchaser retains the property and it is inferior in quality to the warranty. The Civil Code provides (sec. 3313): "The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

This section lays down a simple, plain rule, which eliminates all imaginary claims to damages in such cases. It is intended to do justice to both the seller and the buyer; in

fact, the code only recites the rule as long established in England and since adopted in most of the leading cases in the United States.    (See Benjamin on Sales, 5th ed., pp. 1017, 1024; 3 Sutherland on Damages, sec. 670; *Hodgman* v. *State Line & S. R. R. Co.,* 45 Ill. App. 395.)

In cases where the warranty refers to the time of delivery as in this case, the first question to be determined is, What was the actual value of the property at that time? The court has found (and we cannot here question the finding) that the value was $1,332.57. The court also found that if the oakum had complied with the warranty, it would at the time of delivery have exceeded such value by the sum of $116.86. The latter sum is, by the section of the code, fixed as the measure of defendant's damages. If the oakum had come up to the quality stipulated in the warranty, it would thus, according to the court's finding, have been of the value at the time of delivery of $1,449.43; but it was not of such value, but only of the value of $1,332.57. The plaintiff, although it shipped and delivered goods that did not comply with the warranty, was nevertheless, in case defendant kept the goods and thus affirmed the contract, entitled to the contract price, less the damages suffered by defendant when measured by the code, caused by the failure of the plaintiff to comply with its contract. As the damages, found to be $116.86, and the $700 paid, were deducted from the $1,449.43, we have the balance of $632.57, which is within two cents of the amount of the judgment.

The law is just when it allows the party, who has delivered personal property of a different quality from that which it agreed to deliver, to recover the agreed price less the excess of value the property would have had at the time of delivery, if it had equaled the quality warranted over its actual value at that time. In the case at bar, if the oakum in its warranted condition would have been worth $500 more than its value in the condition in which it was delivered, the defendant would have been entitled to have that sum deducted from the price of the oakum.

The defendant contends that he suffered loss in net profits, premiums, cartage and storage and freight, amounting to $578.08 (and the court so found), and that he is entitled to have such sum deducted from the value of the oakum de-

livered.    We cannot consider the question under the findings in this record.    The court has found the actual value of the oakum, and whether it found correctly or not is not now open to question.    We must consider the findings with the view of supporting the judgment if possible, and reject all surplusage or trivial inconsistencies.    There being no specification of insufficiency of the evidence to support the finding as to the value and no evidence brought here, we cannot consider the question.    It is consistent with the finding of the court to conclude that the defendant kept the oakum much longer than he should have done before selling it, and thus incurred the expense of storage, premiums and cartage. The findings show that the defendant sold the oakum.    They show and state that the value of the oakum at the time it was delivered to defendant was $1,332.57.

It follows that the judgment must be affirmed, and it is so ordered.

Hall, J., and Kerrigan, J., concurred.